Day, J.
 

 The questions are: First, whether there was a misjoinder of parties defendant; second, whether there was an improper joinder of separate causes of action against the several defendants; third, whether the second amended petition stated, a cause of action.
 

 With respect to the first question, appellants contend that in an action for slander only, there cannot be a joinder of parties defendant in the same petition. In support of their position, appellants cite the case of
 
 Orr
 
 v.
 
 Rank of The United States,
 
 1 Ohio, 36, 13 Am. Dec., 588, wherein it was said that: “Verbal slander cannot be jointly committed by two, or more, therefore two defendants cannot be joined in that writ.” This statement was obviously based on the theory that “the words of one are not the words of another” (see 17 Ruling Case Law, 379, Section 130), but has no application to slander uttered pursuant to a conspiracy which includes among its purposes the slander of another; for, in such case, each is the spokesman for all. 11 American Jurisprudence, 584, 585, Section 54.
 

 Where slander is uttered by one or more persons, pursuant to a conspiracy which includes among its purposes the defamation of another, all parties to
 
 *82
 
 the conspiracy are jointly liable and may be joined as parties defendant in the same action.
 

 “* * * It has been ruled that if two slanders are uttered in pursuance of a common agreement between two persons that such slanders shall be uttered, each is jointly liable with the other for their utterance, and separate causes of action against them for slander may be joined in the same complaint. ” 17 Ruling Case Law, 379, Section 130.
 

 In support of their contention that there is improper joinder of separate causes of action against several defendants, appellants argue that the petition alleges a separate cause of action for slander against each of the three defendants; that “defendant Martin is alleged to have made certain statements on certain dates, at ■ which time and place the defendant Flood was not present”; that “the defendant Flood is alleged to have made a certain statement on a different date, on a different occasion, and at a different place, at which time and place the defendant Martin was not present,” and that “the defendant Motometer Gauge & Equipment Corporation is accused of slander, being responsible for the acts of its servants”; that “for the same reasons that there cannot be a joinder of defendants in a slander action, there cannot be a joinder of separate causes of action against separate defendants in a slander action.”
 

 The argument is fallacious in that it disregards the. element of conspiracy. This is not a case of slander committed by separate individuals without any preconcert, but one committed pursuant to a prearranged plan. If separate acts of slander by different parties to a conspiracy are committed on different occasion^, in the presence or absence of each other, but pursuant ■to a common design, they are, in legal contemplation, the joint acts of all.
 

 Appellants further argue that the joinder in one petition of the Motometer Gauge & Equipment Corpo
 
 *83
 
 ration and Martin and Flood, its officers, is improper; that “the only basis upon which a cause of action could be charged against this defendant would be slanderous words committed by its servants while in the course of their employment”; that under authority of
 
 Baltimore & Ohio Rd. Co.
 
 v.
 
 Baillie,
 
 112 Ohio St., 567, 148 N. E., 233, and
 
 French, Admr.,
 
 v.
 
 Central Construction Co.,
 
 76 Ohio St., 509, 81 N. E., 751, 12 L. R. A. (N. S.), 669, there can be no joinder of master with servant in the same action sounding in tort.
 

 The question here, however, is not whether a master may be sued jointly with his servant for an act of slander committed by thé servant. The question here is whether the master and servant, who enter into a conspiracy to defame or slander the character of another, may be joined as parties defendant if the servant commits an act of slander in the furtherance of the conspiracy. With respect to the act of slander committed by the servant in the furtherance of the conspiracy, the relationship is not that of master and servant, but that of co-conspirators. Consequently, the rule invoked does not apply here.'
 

 Where master and servant enter into a conspiracy to slander another, and the servant commits an act of slander in the furtherance of the conspiracy, the master is jointly liable with his servant, not on the theory of master and servant, but on the theory that they are joint tort-feasors, and may be joined in the same action.
 

 The third ground of demurrer, namely, that the facts alleged in the petition do not constitute a cause of action, raises the question whether the words attributed to'defendants, Martin and Flood, constitute slander
 
 per se,
 
 and, if not, whether appellee has alleged special damages sufficient to state a cause of action for slander only.
 

 Among the words attributed to defendant, Martin, are: “What has become of the checks?” “That money
 
 *84
 
 is our money, where is it?” “I will throw Sehoedler in jail. ” “You ought to throw him in j ail. ” “I ought to have him put in jail. ” “I am not going to be booted around; I will see to it that he is put in jail.” The words attributed to defendant, Flood, are: “I do not see how Sehoedler can go to Florida unless it is on money he took from your business.”
 

 Are these words slanderous
 
 per se?
 
 Defendants argue that they are not; that they do not impute an indictable offense involving mortal turpitude; and that the words do not accuse the plaintiff of embezzlement.
 

 To constitute a cause of action in slander, the words spoken must either be actionable
 
 per se
 
 or special damage must be alleged. If they are slanderous
 
 per se,
 
 damage will be presumed; otherwise, special damage must be alleged in order to render them actionable.
 

 In
 
 Davis
 
 v.
 
 Brown,
 
 27 Ohio St., 326, the court said that words, to be actionable
 
 per se,
 
 “must come within one of the following classes :
 

 “I. The words must import a charge of an indictable offense, involving moral turpitude or infamous punishment; or,
 

 “II. Impute some offensive or contagious diseases calculated to deprive the person of society; or,
 

 “III. Tend to injure him in his trade or occupation.”
 

 In view of the fact that the money came into the possession of appellee by virtue of his position of trust with the corporation, the words charge misappropriation of funds, and, as the Court of Appeals properly held, infer a charge of embezzlement, an indictable offense involving moral turpitude. Imputing to a person the crime of embezzlement is slanderous
 
 per se
 
 and actionable without allegation of special damage.
 

 It is true, as appellants contend, that the words themselves do not specifically state the crime. Embezzlement is not charged outright. However, it need
 
 *85
 
 not be to be slanderous
 
 per se.
 
 To impute the commission of an indictable criminal offense, to another, no particular form of words need be used. The charge need not be direct or positive.
 
 “A
 
 mere expression of opinion or of a suspicion may be actionable. * * * A mere insinuation is as actionable as a positive assertion, if the meaning is plain, and it has been held repeatedly that the putting of the words in the, form of a question will in no wise reduce the liability of the defendant.” 17 Ruling Case Law, 314, 315, Section 55.
 

 If the words used were naturally understood by the , officers of the Graff, Floraday, Eckel, Inc., to whom they were addressed, as imputing embezzlement on the part of the plaintiff, they will, on demurrer, be deemed actionable
 
 per se.
 
 Whether they were understood by them in some other sense is a matter of proof. See 25 Ohio Jurisprudence, 166, Section 9.
 

 In view of our holding that the language used is actionable
 
 per se,
 
 we need not inquire into the question whether special'damage has been sufficiently alleged. The facts alleged in the petition state a cause of action.
 

 Judgment affirmed.
 

 Weygandt, C. J., Williams and Gorman, JJ., concur.
 

 Myers, J., concurs in the judgment.
 

 Matthias and Zimmerman, JJ., dissent.