OPINION
Plaintiff-appellant, Ann Fenley, appeals from a decision of the Clermont County Municipal Court dismissing her defamation claim against defendant-appellee, Mary Bowman.
Fenley and Bowman are both professional genealogists and members of the Ohio Genealogical Society ("Society"). While Fenley was running for president of the Society in 1996, she issued a campaign flier that criticized the current administration of the Society and outlined changes that she would implement as president. When the campaign flier was issued, Bowman was the president of the Society and a member of the board of trustees ("Board").
On April 20, 1996, a meeting of the Society was held at a hotel in Clermont County. During this meeting, Bowman read part of Fenley's campaign flier to members of the Society and responded to the criticisms contained therein. On September 12, 1996, Bowman wrote a letter to Fenley outlining the comments that she made at the meeting and demanding an apology from Fenley for her "untrue, unethical, and libelous attacks" against Bowman and the Board.
On April 11, 1997, Fenley filed a pro se complaint against Bowman alleging defamation. The complaint alleged that Bowman "made numerous slanderous remarks" about Fenley at the Society's meeting on April 20, 1996. Specifically, the complaint alleged that Bowman "claimed that the candidate who wrote the campaign flier had therein accused [Bowman] of violating her `oath of office' while OGS president and had also therein attacked the `entire OGS Board.'" The complaint further alleged that Bowman "knowingly misconstrued the flier to defame the character and reputation of [Fenley] by deliberate and malicious slander." In addition, the complaint alleged that Bowman's September 12 letter was libelous because Bowman knew Fenley had not made "untrue, unethical, and libelous attacks" against Bowman and the Board. Bowman's letter and the campaign flier were attached to the complaint as exhibits.
On June 6, 1997, Bowman filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief can be granted. On December 15, 1997, a magistrate issued a decision finding that Fenley's complaint failed to state a claim for defamation and granting Bowman's motion to dismiss. On December 24, 1997, Fenley filed objections to the magistrate's decision. On January 12, 1998, the trial court overruled Fenley's objections and adopted the decision of the magistrate.
On appeal, Fenley raises two assignments of error:
Assignment of Error No. 1:
 TRIAL COURT ERRED IN OVERRULING PLAINTIFF-APPELLANT'S OBJECTIONS AND ACCEPTING MAGISTRATE'S DECISION TO SUSTAIN DEFENDANT-APPELLEE'S 12(B)(6) MOTION TO DISMISS.
Assignment of Error No. 2:
 TRIAL COURT ERRED IN FAILING TO ALLOW PLAINTIFF-APPELLANT TO AMEND COMPLAINT TO CORRECT ANY DEFICIENCIES THEREIN.
In her first assignment of error, Fenley asserts that the trial court erred by adopting the magistrate's decision to dismiss her claim for defamation pursuant to Civ.R. 12(B)(6). In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief. Greeley v. Miami Valley Maintenance Contractors, Inc. (1990), 49 Ohio St.3d 228, 230, citing O'Brien v. Univ. Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242, syllabus. In ruling upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190,192. However, a court need not presume the truth of conclusory statements unsupported by factual allegations. Mitchell at 193.
Defamation is a false publication that injures a person's reputation. Dale v. Ohio Civ. Serv. Emp. Assn. (1991), 57 Ohio St.3d 112,117. There are two kinds of defamation, per se and per quod. McCartney v. Oblates of St. Francis deSales (1992), 80 Ohio App.3d 345,353. Defamation per se is defamatory on its face and by the very meaning of the words spoken or written. Id. Examples of defamation per se include words which "import an indictable criminal offense involving moral turpitude or infamous punishment, impute some loathsome or contagious disease that excludes one from society or tend to injure one in one's trade or occupation." Id., citing Schoedler v. Motometer Gauge Equip. Co. (1938), 134 Ohio St. 78, 84. In contrast, defamation per quod exists where words appear harmless but become defamatory by innuendo or extrinsic evidence. Id.
The issue of whether defamation is per se or per quod is a question of law to be decided by the trial court. Bryans v. English Nanny Gov. School (1996), 117 Ohio App.3d 303, 316. The issue is significant because it determines whether special damages will be presumed or must be alleged and proven by a plaintiff. In the case of defamation per se, the defamatory words are likely to cause harm and special damages are presumed as a matter of law. McCartney at 354; Cramton v. Brock (Mar. 23, 1992), Clinton App. No. CA91-05-011, unreported. However, in the case of defamation per quod, the harm caused by the defamatory words is not readily apparent and the plaintiff bears the burden of alleging and proving special damages. Id.
In the present case, the magistrate found that Fenley's complaint did not contain any allegations that could "remotely be classified as defamation per se." The magistrate further found that "at best" Fenley's allegations may give rise to a claim for defamation per quod. The magistrate then concluded that even if Fenley's allegations were sufficient to support a claim of defamation per quod, the dismissal of Fenley's claim was warranted, because Fenley's complaint did not allege special damages.
After reviewing Fenley's complaint and the attached exhibits, we find that the magistrate properly dismissed Fenley's claim for defamation. The allegation in Fenley's complaint that Bowman "made numerous slanderous remarks" about Fenley at the Society's meeting is a conclusory statement that is insufficient to withstand a motion to dismiss. See Mitchell,40 Ohio St.3d at 193. Further, the remaining allegations in Fenley's complaint could only have been considered defamatory by innuendo or extrinsic evidence. Therefore, the trial court properly found that Fenley's allegations "at best" constituted defamation per quod. Finally, since Fenley failed to allege special damages, the magistrate properly dismissed Fenley's claim for defamation pursuant to Civ.R. 12(B)(6). See, generally, Schlegel v. Dean (Apr. 25, 1997), Lucas App. No. L-96-147, unreported. Accordingly, the trial court did not err by adopting the decision of the magistrate and Fenley's first assignment of error is overruled.
In her second assignment of error, Fenley asserts that the trial court erred by refusing to allow her to amend her complaint. A trial court's denial of a motion for leave to amend a complaint will not be reversed absent an abuse of discretion. State ex rel. Askew v. Goldhart (1996), 75 Ohio St.3d 608, 610. "Where a plaintiff fails to make a prima facie showing of support for new matters sought to be pleaded, a trial court acts within its discretion to deny a motion to amend the pleadings." Wilmington Steel Products, Inc. v. Cleve. Elec. Illum. Co. (1991), 60 Ohio St.3d 120, syllabus. Further, a trial court may consider whether the motion to amend has been timely filed. Id. at 122.
In the present case, Fenley's objections to the magistrate's decision only contains an isolated request for leave to amend her complaint if the trial court overruled her objections. Thus, the trial court could have found that Fenley failed to file a proper and timely motion to amend her complaint. Moreover, Fenley requested leave to amend so that she could make her allegations more specific, but she did not make a showing that this would have allowed her to state a claim upon which relief could be granted. Thus, Fenley also failed "to make a prima facie showing of support" for the new matters that she sought to plead. See Wilmington Steel Prods., Inc. at syllabus; Cash v. Seery (Mar. 9, 1998), Butler App. No. CA97-10-194, unreported. Based upon the foregoing, we conclude that the trial court did not abuse its discretion by denying Fenley's request and her second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.