BROWN, Appellant,

v.

LAWSON et al., Appellees.

[Cite as *Brown v. Lawson,* 169 Ohio App.3d 430, 2006-Ohio-5897.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–050443.

Decided Nov. 9, 2006.

Newman & Meeks, Robert B. Newman, Lisa T. Meeks, and Stephen R. Felson, for appellant.

Kenneth L. Lawson & Associates and Kenneth L. Lawson, for appellee Kenneth L. Lawson.

Janik & Dorman, L.L.P., Andrew J. Dorman, and David Brown, for appellee Radio One, Inc.

Per Curiam.

{¶ 1} Plaintiff-appellant, Jeary Brown, filed a complaint for defamation against defendants-appellees, Kenneth L. Lawson and Radio One, Inc. Brown is the grandmother of four teenage boys who were the victims of sexual battery committed by Stephen Hill. Brown is the legal custodian of three of the boys. Lawson was Hill's defense counsel for the criminal proceedings, which culminated in Hill's classification as a sexual predator.

{¶ 2} During Hill's sexual-offender-classification hearing, Lawson called psychiatrist Dr. Melvyn Nizny to testify that Hill should not have been classified a sexual predator. Dr. Nizny testified, "My understanding is that one of the boys had been provided condoms by a family member, by a grandmother. And so either she knew he was sexually active or going to be, okay." Dr. Nizny also testified that the boys "were not sexually naïve" and that they had had "heterosexual intercourse" prior to the time that they had been victimized by Hill.

{¶ 3} Lawson hosts "The Law with Lawson," a Saturday morning radio talk show on WDBZ, which is owned by Radio One. On the December 11, 2004 broadcast, Lawson discussed his view of what had occurred during Hill's sexual-offender-classification hearing. A transcript of Lawson's December 11 broadcast shows that in response to a caller's comments, Lawson stated, "[The boys] were a little bit older. A little bit more experienced. Given rubbers by their parents or their guardians way before they met Stephen Hill. * * * Grandma gives you boxes of condoms."

{¶ 4} Brown alleged that Lawson had also referred to the Hill case on his December 18, 2004 broadcast. No transcript exists of the December 18 broadcast, but Brown filed an affidavit in which she stated that she had heard the December 11 and December 18 broadcasts and that "on those broadcasts, Mr. Lawson stated that [Brown] had provided the boys 'rubbers.' He also said words to the effect that when the money Mr. Hill was paying the boys quit coming or wasn't coming fast enough, [Brown] turned Mr. Hill in to authorities, and that [Brown] was aware of what was going on between Mr. Hill and the boys all along." Lawson filed an affidavit in which he denied stating that Brown had known about her grandsons' sexual activities with Hill while they were ongoing. Lawson also filed Hill's affidavit, in which Hill stated that Brown had consented to, encouraged, and approved Hill's purchase of condoms for her grandsons on "at least four separate occasions."

{¶ 5} Lawson filed a motion to dismiss Brown's complaint, which the trial court converted to a motion for summary judgment and granted on the basis that Lawson's statements were constitutionally protected opinion. Radio One filed a

motion for summary judgment on the same basis, which the trial court granted. Brown has appealed.

{¶ 6} Brown's two assignments of error allege that the trial court erred in granting the motions for summary judgment.

{¶ 7} Summary judgment is proper pursuant to Civ.R. 56(C) when (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and with the evidence viewed most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.[1]  Appellate review of the trial court's decision to grant summary judgment is de novo.[2]

{¶ 8} Because the determination of whether words are defamatory is a question of law, summary judgment is appropriate in defamation actions.[3]  Cases involving First Amendment free-speech issues are especially appropriate for disposition by summary judgment.[4]

{¶ 9} Defamation is the publication or communication of a false statement of fact that injures a person's reputation, exposes him to public hatred, contempt, ridicule, shame, or disgrace, or affects him adversely in his trade or business.[5]  To establish a claim for defamation, a plaintiff must prove that (1) the defendant made a false statement, (2) that false statement was defamatory in that it reflected unfavorably upon the plaintiff's character or caused injury to his trade or business, (3) the statement was published or communicated, and (4) the defendant acted with the requisite degree of fault.[6]

{¶ 10} A defamation plaintiff may be classified as a private person, a public official, a public figure, or a limited-purpose public figure.[7]  A plaintiff's

---

1.  See *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267.

2.  See *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 738 N.E.2d 1243; *Jorg v. Cincinnati Black United Front*, 153 Ohio App.3d 258, 2003-Ohio-3668, 792 N.E.2d 781.

3.  See *Vail v. Plain Dealer Publishing Co.* (1995), 72 Ohio St.3d 279, 649 N.E.2d 182.

4.  See *Perez v. Scripps–Howard Broadcasting Co.* (1988), 35 Ohio St.3d 215, 520 N.E.2d 198.

5.  See *Murray v. Knight–Ridder, Inc.*, 7th Dist. No. 02 BE 45, 2004-Ohio-821, 2004 WL 333250; *Holley v. WBNS 10TV, Inc.*, 149 Ohio App.3d 22, 2002-Ohio-4315, 775 N.E.2d 579.

6.  See *Baby Tenda of Greater Cincinnati, Inc. v. Jessup* (Mar. 16, 1988), 1st Dist. Nos. C–870158 and C–870397, 1988 WL 32092; *Hersch v. E.W. Scripps Co.* (1981), 3 Ohio App.3d 367, 3 OBR 430, 445 N.E.2d 670.

7.  See *Talley v. WHIO TV–7* (1998), 131 Ohio App.3d 164, 722 N.E.2d 103.

classification, which determines his burden of proof, is a matter of law.[8]

{¶ 11} Public officials, public figures, and limited-purpose public figures must show that the statements were made with knowledge that the statements were false or with reckless disregard of whether they were false.[9] An ordinary negligence standard is applied in cases involving the defamation of private persons.[10] Private-figure defamation plaintiffs must show by clear and convincing evidence that the defendant failed to act reasonably in attempting to discover the truth or falsity or defamatory character of the publication.[11]

{¶ 12} While there was some argument that Brown was a limited-purpose public figure, there is no evidence in the record that Brown was anything other than a private-figure plaintiff. Therefore, to withstand the motions for summary judgment, Brown had to establish by a preponderance of the evidence that the statements were false, and she had to show by clear and convincing evidence that the defendants did not act reasonably in attempting to discover the truth or falsity of the publications.[12]

{¶ 13} Brown alleged that Lawson had defamed her by stating that she had provided condoms for her grandsons. Further, Brown alleged that she was defamed by Lawson's "words to the effect" that she knew about the sexual activity between her grandsons and Hill and that she had contacted the authorities only when the money Hill had been paying the boys "quit coming or wasn't coming fast enough."

{¶ 14} The trial court held that Lawson's remarks were not defamatory because they were statements of constitutionally protected opinion.

{¶ 15} The Ohio Constitution protects statements of opinion.[13] For a statement to be defamatory, it must be a statement of fact and not of opinion.[14]

8. See id.; *Daubenmire v. Sommers*, 156 Ohio App.3d 322, 2004-Ohio-914, 805 N.E.2d 571.

9. See id.

10. See *Lansdowne v. Beacon Journal Publishing Co.* (1987), 32 Ohio St.3d 176, 512 N.E.2d 979.

11. See id.; *Baby Tenda of Greater Cincinnati, Inc. v. Taft Broadcasting Co.* (1989), 63 Ohio App.3d 550, 579 N.E.2d 522.

12. See *Lansdowne v. Beacon Journal Publishing Co.*, supra; *Baby Tenda of Greater Cincinnati, Inc. v. Taft Broadcasting Co.*, supra.

13. See *Vail v. Plain Dealer Publishing Co.*, 72 Ohio St.3d 279, 649 N.E.2d 182.

14. See id.

Whether the alleged defamatory remark is a statement of fact or a statement of opinion is a question of law.[15]

{¶ 16} To determine whether a statement is fact or opinion, the court applies a totality-of-the-circumstances test, considering the specific language used, whether the statement is verifiable, the general context of the statement, and the broader context in which the statement appears.[16] Because application of the test is fluid, the weight to be given any one factor will vary depending upon the circumstances of the case.[17]

{¶ 17} The meaning of an allegedly defamatory statement is the meaning that a reasonable listener would attach to the statement.[18] The question for the court to determine is whether a reasonable listener would interpret the words used to be language that normally conveys factual information or mere hyperbole or opinion.[19] The court must consider whether the purpose of the language is to elicit an emotional response and whether the language is ambiguous or has a readily ascertainable meaning.[20]

{¶ 18} The allegedly defamatory statements in this case were made during Lawson's radio talk show, where the audience was invited and encouraged to call in and give opinions and to solicit Lawson's opinions and remarks. The nature of a radio talk show is to stir public opinion, invite discussion, and evoke emotional responses. Radio talk shows are traditionally a "haven for cajoling, invective, and hyperbole."[21] Therefore, the statements were made in the general context of hyperbole and opinion.

{¶ 19} We must now examine the specific language used and how it would have been viewed by a reasonable listener. Brown alleged that Lawson

---

15. See *Wampler v. Higgins* (2001), 93 Ohio St.3d 111, 752 N.E.2d 962; *Yeager v. Local Union 20, Teamsters* (1983), 6 Ohio St.3d 369, 6 OBR 421, 453 N.E.2d 666.

16. See *Vail v. Plain Dealer Publishing Co.*, supra; *Scott v. News–Herald* (1986), 25 Ohio St.3d 243, 25 OBR 302, 496 N.E.2d 699.

17. See *Jorg v. Cincinnati Black United Front*, 153 Ohio App.3d 258, 2003-Ohio-3668, 792 N.E.2d 781, citing *Vail v. Plain Dealer Publishing Co.*, supra.

18. See *Jorg v. Cincinnati Black United Front*, citing *McKimm v. State Elections Comm.* (2000), 89 Ohio St.3d 139, 729 N.E.2d 364.

19. See *Worldnet Software Co. v. Gannett Satellite Information Network, Inc.* (1997), 122 Ohio App.3d 499, 702 N.E.2d 149, citing *Vail v. Plain Dealer Publishing Co.*, supra.

20. See id.

21. See *Scott v. News–Herald*, supra; *Stepien v. Franklin* (1988), 39 Ohio App.3d 47, 528 N.E.2d 1324.

stated that (1) she had given her grandsons condoms and that (2) Brown was aware of the sexual activity between her grandsons and Hill, and she turned Hill in to authorities only when the money Hill was paying her grandsons "quit coming or wasn't coming fast enough."

{¶ 20} The language was not ambiguous: it had a readily ascertainable meaning, and it was verifiable. Lawson, as Hill's attorney, was in a position to know "inside information" about the trial that the average listener would not have known. Lawson's words clearly implied that he had firsthand knowledge about the facts underlying the statements. A reasonable listener would have believed that Lawson, as Hill's attorney, possessed objective, verifiable facts to support his statements. Further, the statements were not sufficiently hyperbolic that a reasonable listener would have been placed on notice that the statements were not to be taken literally. We hold that under the totality of the circumstances, a reasonable listener would have believed Lawson's statements to be factual in nature. Therefore, the statements were not protected opinion, and we hold that the trial court erred in so concluding.

{¶ 21} To sustain her claim for defamation, Brown had to show by a preponderance of the evidence that the statements were false and by clear and convincing evidence that Lawson did not act reasonably in attempting to discover the truth or falsity of the publications.

{¶ 22} We first address Lawson's statement that Brown gave her grandsons "boxes of condoms." Lawson filed Hill's affidavit in which Hill stated that Brown had consented to, encouraged, and approved of Hill's purchase of condoms for her grandsons. Lawson also filed the transcript of Hill's sexual-predator hearing in which Dr. Nizny stated that his "understanding" was that "one of the boys had been provided condoms by a family member, by a grandmother." Brown stated in her affidavit that she had not given her grandsons condoms. There was a genuine issue of fact as to whether the statement was true. Truth is a complete defense to a claim for defamation.[22] But for purposes of summary judgment, we must view the evidence in Brown's favor and assume that the statement was false.

{¶ 23} Brown had to show by clear and convincing evidence that Lawson did not act reasonably in attempting to discover the truth or falsity of the statement. When Lawson made the statement about the condoms, he was discussing Dr. Nizny's testimony. The discussion began with a caller's comments about the testimony. Dr. Nizny had testified at Hill's sexual-predator hearing

**22.** See *Ed Schory & Sons, Inc. v. Soc. Natl. Bank* (1996), 75 Ohio St.3d 433, 662 N.E.2d 1074.

that he understood that "a grandmother" had provided one of the boys with condoms. Lawson's remarks were clearly based on Dr. Nizny's testimony. We hold that Brown failed to show by clear and convincing evidence that Lawson had not acted reasonably in attempting to discover the truth or falsity of the statement. Therefore, the trial court did not err in granting summary in favor of Lawson and Radio One as to the first statement.

{¶ 24} With respect to the second statement, Brown alleged in her complaint and stated in her affidavit that on his December 18 show, "[Lawson] said words to the effect that when the money [Hill] was paying the boys quit coming or wasn't coming fast enough, [Brown] turned [Hill] in to authorities, and that [Brown] was aware of what was going on between [Hill] and the boys all along." Brown stated in her affidavit that she was unaware of any sexual activity during the time that Hill had been victimizing her grandsons and that she had not "participated in, encouraged, or condoned any scheme to get money from [Hill] in exchange for [her grandsons'] participation in sexual activity with [Hill]." Lawson stated in his affidavit that "at no time did [Lawson] ever state to any third person or make any publication to the effect that Jeary Brown, grandmother of the victims * * * had knowledge of the sexual activities which her grandchildren engaged in with [Hill] * * * while [the] activities were still occurring."

{¶ 25} There was a genuine issue of material fact as to whether Lawson made the statement attributed to him in his December 18 broadcast. If it is assumed, for the purposes of summary judgment, that Lawson made the statement and that it was false, there is nothing in the record from which we can determine whether he acted reasonably in attempting to discover the truth or falsity of the statement. We point out that Dr. Nizny did not testify that Brown knew that her grandsons had been engaging in sexual activities with Hill or that she had given condoms to the boys for that purpose. But the record does contain the transcript of a telephone conversation between Brown and Hill that appears to support Brown's contention that she did not know about the sexual activity while it was ongoing.

{¶ 26} Because there existed genuine issues of material fact as to whether Lawson published the second statement, whether the statement was true, and, if the statement was false, whether Lawson acted reasonably in attempting to discover its truth or falsity, the trial court's entry of summary judgment as to the second statement must be reversed.

{¶ 27} The assignments of error are overruled as to the first statement and sustained as to the second statement. The judgment of the trial court is affirmed

in part and reversed in part, and the cause is remanded for further proceedings consistent with law and this decision.

Judgment affirmed in part
and reversed in part,
and cause remanded.

SUNDERMANN and HENDON, JJ., concur.

Judge RUPERT A. DOAN was a member of the panel, but died before the release of this decision.