HERRING

v.

ADKINS.

2008-Ohio-7082.]

Court of Common Pleas of Ohio,
Clermont County.

No. 2007 CVH 1140.

Decided Oct. 17, 2008.

14

**16**

Finney, Stagnaro, Saba & Patterson Co., L.P.A., Sean P. Donovan, and Christopher P. Finney, for plaintiff.

Keating, Muething & Klekamp, Jamie M. Ramsey, and Christy M. Nageleisen, for defendant.

HADDAD, Judge.

{¶ 1} This matter came before the court pursuant to a motion for summary judgment filed by the defendant, Kenneth Adkins.[1] Attorneys Sean Donovan and Christopher Finney represented the plaintiff and attorneys Jamie Ramsey and Christy Nageleisen represented the defendant. The parties filed a joint stipulation on July 22, 2008, waiving oral arguments on the motion. The court took the matter under advisement and now renders the following decision.

1. On September 14, 2007, the defendant in this action filed a motion to dismiss the plaintiff's complaint. The court issued a decision on February 19, 2008, in which it granted the defendant's motion to dismiss as to the first claim of the plaintiff's complaint but determined that it could not dismiss the second claim of the complaint since the evidence presented was outside the four corners of the complaint itself. Pursuant to Civ.R. 12(B), since the court was asked to consider evidence outside of the pleadings, it converted the Civ.R. 12(B)(6) motion into a motion for summary judgment.

## FINDINGS OF FACT

{¶ 2} The plaintiff, Janet M. Herring, owns real property known as the Estates at Goshen Park, located at 1805 State Route 28, Goshen, Ohio. The defendant, Kenneth Adkins, resides at and owns the real property located at 1817 State Route 28, Goshen, Ohio. The Adkins property and the Herring property are adjoining parcels of land.

{¶ 3} The plaintiff, Janet Herring, planned to develop a residential subdivision on her property. The defendant, who was opposed to the development, erected a sign upon his property with the intent to discourage buyers from purchasing a home within the residential subdivision. Attached to the defendant's motion is a photograph of the sign in question. The sign reads, "PLEASE DO NOT BUY HOME SITES FROM JANET HERRING OR J.C. HOMES."[2]

{¶ 4} The plaintiff argues in her second claim for relief that the sign interferes with her business relationships with contractors, subcontractors, prospective customers, customers, and clients as part of her development of the property. The defendant argues that the language of the sign does not give rise to a claim of tortious interference with a business relationship since the language of the sign is constitutionally protected speech.

## THE LEGAL STANDARD

 {¶ 5} In considering a motion for summary judgment, the court should review the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact. Civ.R. 56(C). Summary judgment is proper when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46. See also *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201. The party requesting summary judgment bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Harless* at 66, 8 O.O.3d 73, 375 N.E.2d 46; *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264. In determining whether a genuine issue of material fact exists, the court must answer the following inquiry: "Does the evidence present a sufficient disagreement to require submission to a

---

2. The court would note that the word "WARNING" appeared on the sign at the time this motion was filed. However, the word "WARNING" was removed from the sign in or around September 2007.

jury or is it so one-sided that one party must prevail as a matter of law?" *Wilson v. Maple,* Clermont App. No. CA2005–08–075, 2006-Ohio-3536, 2006 WL 1880505, at ¶ 18. The moving party must specifically point to evidence that affirmatively demonstrates that the nonmoving party has no evidence to support its claim. *Dresher* at 293, 662 N.E.2d 264.

{¶ 6} Once the moving party satisfies its burden, "the nonmoving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing the existence of a genuine triable issue." Civ.R. 56(E); *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197. "Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party." *Parmore Group v. G & V Invests., Ltd.,* Franklin App. Nos. 05AP–756 and 06AP–1106, 2006-Ohio-6986, 2006 WL 3825259, ¶ 10. See also *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 359, 604 N.E.2d 138.

## LEGAL ANALYSIS

{¶ 7} The elements necessary for recovery under a claim for tortious interference with a business relationship are (1) a business relationship, (2) the wrongdoer's knowledge thereof, (3) an intentional interference causing a breach or termination of the relationship, (4) a lack of privilege, and (5) damages resulting therefrom. *Elite Designer Homes, Inc. v. Landmark Partners,* Summit App. No. 22975, 2006-Ohio-4079, 2006 WL 2270832, ¶ 31; *Wolf v. McCullough–Hyde Mem. Hosp., Inc.* (1990), 67 Ohio App.3d 349, 355, 586 N.E.2d 1204; *A & B–Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Constr.* (1995), 73 Ohio St.3d 1, 14, 651 N.E.2d 1283. The basic principle for an action based upon this tort is that "one, who is without privilege, induces or purposely causes a third party to discontinue a business relationship with another is liable to the other for the harm caused thereby." *Wolf* at 355, 586 N.E.2d 1204. The following factors should be considered when determining whether a privilege exists: (a) the nature of the actor's conduct, (b) the nature of the expectancy with which his conduct interferes, (c) the relation between the parties, (d) the interest sought to be advanced by the actor, (e) the social interest in protecting the expectancy on the one hand and the actor's freedom of action on the other hand, (f) the actor's motive, and (g) the proximity or remoteness of the actor's conduct to the interference. *Wolf* at 355, 586 N.E.2d 1204; *Elite Designer Homes,* 2006-Ohio-4079, 2006 WL 2270832 at ¶ 31. In addition, the actor's actions must have been malicious. *Elite Designer Homes* at ¶ 32. Moreover, even if the actor's conduct results in damages, the interference does not rise to the level of a tort if the

interference is justified. Id., quoting *Fred Siegel Co., L.P.A. v. Arter & Hadden* (1999), 85 Ohio St.3d 171, 176, 707 N.E.2d 853.

{¶ 8} Further, "Ohio courts have recognized on numerous occasions that when a tort claim is based on privileged speech, the tort claim must fail." *Martinez v. WTVG, Inc.*, Lucas App. No. L–07–1269, 2008-Ohio-1789, 2008 WL 1700443, ¶ 40, citing *A & B–Abell Elevator Co.*, 73 Ohio St.3d at 15, 651 N.E.2d 1283, and *Vail v. Plain Dealer Publishing Co.* (1995), 72 Ohio St.3d 279, 283, 649 N.E.2d 182. Therefore, if the defendant's speech is considered a privileged communication under the Constitution of the state of Ohio, then the plaintiff's claim for tortious interference with a business relationship cannot survive the defendant's motion.

{¶ 9} Section 11, Article I of the Constitution provides: "Every citizen may freely speak, write, and publish his sentiments on all subjects, being responsible for the abuse of the right." Ohio courts have held that "the free speech guarantees accorded by the Ohio Constitution are no broader than the First Amendment." *Eastwood Mall, Inc. v. Slanco* (1994), 68 Ohio St.3d 221, 222, 626 N.E.2d 59. Therefore, "the First Amendment is the proper basis for interpretation of Section 11, Article I of the Ohio Constitution." Id. Since the Supreme Court has determined that the First Amendment provides the basis for interpretation of the Free Speech clause of the Ohio Constitution, it is appropriate to review federal case law in questions involving Section 11, Article I. *Cincinnati Arts Assn. v. Jones*, 120 Ohio Misc.2d 26, 2002-Ohio-5428, 777 N.E.2d 346, ¶ 23.[3]

{¶ 10} Claims of tortious interference with a business relationship are subject to the First Amendment requirements that apply in claims for defamation. *Unelko Corp. v. Rooney* (C.A.9, 1990), 912 F.2d 1049, 1057–1058. The court would note that, prior to 1990, the threshold question in defamation cases was whether the speech at issue constituted an opinion. See *Hustler Magazine v. Falwell* (1988), 485 U.S. 46, 108 S.Ct. 876, 99 L.Ed.2d 41; *FCC v. Pacifica Found.* (1978), 438 U.S. 726, 745–746, 98 S.Ct. 3026, 57 L.Ed.2d 1073. Since 1990, however, the federal courts apply *Milkovich v. Lorain Journal Co.* (1990), 497

---

3. The court prefers to explain in advance the process that it will utilize to make a determination as to whether the defendant's speech is constitutionally protected. Since Section 11, Article I of the Ohio Constitution is no broader than the First Amendment to the United States Constitution, Ohio courts require a review of federal law when interpreting that section. Federal law states that when determining whether speech is protected, courts must apply the same standard to all torts as that applied in defamation cases. Since Ohio's defamation law, i.e., whether a statement is fact or an opinion, conflicts with federal law, i.e., whether there is an assertion of an objective fact, the court must apply Ohio's defamation law. Based on this analysis, the court would then determine whether the defendant's statement is one of fact or one of opinion, as required by Ohio law.

U.S. 1, 110 S.Ct. 2695, 111 L.Ed.2d 1, in determining whether speech in defamation actions is privileged. In *Milkovich*, the Supreme Court determined that the threshold question is not whether the statement can be labeled as an opinion, but is instead whether a reasonable fact-finder could conclude that the statement implies an assertion of an objective fact. Id. at 17–18, 110 S.Ct. 2695, 111 L.Ed.2d 1.

{¶ 11} Under Ohio law, unlike in *Milkovich*, opinions are still considered constitutionally protected speech. *Sweitzer v. Outlet Communications, Inc.* (1999), 133 Ohio App.3d 102, 111, 726 N.E.2d 1084; *Vail*, 72 Ohio St.3d at 280, 649 N.E.2d 182, citing *Scott v. News–Herald* (1986), 25 Ohio St.3d 243, 250, 25 OBR 302, 496 N.E.2d 699. The Supreme Court, in *Vail*, determined that regardless of the outcome in *Milkovich*, the law in Ohio is that the Constitution provides a guarantee of protection for opinions. *Vail* at 281, 649 N.E.2d 182. Therefore, in Ohio, a statement is not libelous as long as it constitutes a declaration of opinion.

{¶ 12} Whether the speech is an opinion or a fact is a question of law to be determined by the court. *Ferreri v. Plain Dealer Publishing Co.* (2001), 142 Ohio App.3d 629, 639, 756 N.E.2d 712, citing *Vail*, 72 Ohio St.3d at 281, 649 N.E.2d 182. The question that the court must consider in determining whether a statement constitutes a fact or an opinion is whether a reasonable listener would interpret the words used as language that normally conveys facts or whether it would be interpreted as conveying mere hyperbole or opinion. *Brown v. Lawson* (2006), 169 Ohio App.3d 430, 2006-Ohio-5897, 863 N.E.2d 215, ¶ 17, citing *Worldnet Software Co. v. Gannett Satellite Information Network, Inc.* (1997), 122 Ohio App.3d 499, 702 N.E.2d 149. A totality-of-the-circumstances test is used in making this determination. *Ferreri* at 639, 756 N.E.2d 712, citing *Vail* at 282, 649 N.E.2d 182. The test is a fluid one and calls for the court to consider (1) the language used, (2) whether the statement is verifiable, (3) the general context of the statement, and (4) the broader context in which the statement appeared. Id. Each of these factors must be addressed, but the weight given to each will vary depending on the circumstances of the case. *Vail* at 282, 649 N.E.2d 182. The test is merely a "compass to show general direction and not a map to set rigid boundaries." *Vail* at 282, 649 N.E.2d 182.

{¶ 13} The defendant argues that he is entitled to summary judgment on the plaintiff's claim for tortious interference with business relationships since his speech is constitutionally protected. Therefore, the court must determine whether there is a genuine issue of material fact as to whether a reasonable listener would interpret the defendant's speech as a conveyance of fact or a conveyance of opinion.

{¶ 14} The court will consider (1) the language used, (2) whether the statement is verifiable, (3) the general context of the statement, and (4) the broader context in which the statement appeared. There is no dispute that the defendant's sign reads, "PLEASE DO NOT BUY HOME SITES FROM JANET HERRING OR J.C. HOMES." In analyzing the language used, the court must determine "whether a reasonable reader would view the words used to be language that normally conveys information of a factual nature or hype and opinion; whether the language has a readily ascertainable meaning or is ambiguous." *Vail*, 72 Ohio St.3d at 282–283, 649 N.E.2d 182. The court, like the Supreme Court in *Vail*, finds that the language used by the defendant lacks precise meaning and would be understood by an ordinary reader to be nothing more than the defendant's attempt at persuading the public not to buy property from Janet Herring or J.C. Homes. Further, other than the plaintiff's name, the sign contains no other information about Janet Herring or J.C. Homes. Therefore, the court finds that there have been no statements made about Janet Herring or J.C. Homes that are verifiable. Additionally, the statement is located on a sign in the defendant's yard, located near the entrance to the Herring property. This is the only place in which the statement appears; consequently, the context in which the statement appears is conducive to the conclusion that Mr. Adkins is merely making a general request to the public that they not purchase real estate from Ms. Herring. The context of the sign does not provide any support for a conclusion that the defendant either conveyed or was intending to convey any factual information about the plaintiff.

{¶ 15} Considering these factors, the court finds that a reasonable listener would understand this language to be nothing more than a plea to the public not to purchase property from Janet Herring or J.C. Homes. This finding is supported by the fact that the Goshen Township Department of Community and Economic Development determined that the sign was to be considered a campaign statement.

{¶ 16} Further, the court finds this case similar to that of *Eddy's Toyota of Wichita, Inc. v. Kmart Corp.* (D.Kan., 1996), 945 F.Supp. 220. In *Eddy's*, the court was presented with letters containing the following language: "I urge you to think about the ramifications this step could make in your standing in the Wichita community" and "[D]o you really want to be known as a person who leased their property to an Adult Book and Video Store?" The court determined that these statements were not factual statements, but were instead protected expressions of opinion. *Eddy's* at 225. The court found that "[s]peech does not lose its protected character simply because it may coerce others into action." Id., citing *N.A.A.C.P. v. Claiborne Hardware Co.* (1982), 458 U.S. 886, 910, 102 S.Ct. 3409, 73 L.Ed.2d 1215. In *Eddy's*, the court held that the parties were not

required to suppress their disapproval of a sublease that would introduce a pornographic store into the neighborhood.

{¶ 17} Like the statements in the *Eddy's* case, the court finds that the statements made by the defendant are statements of opinion intended to coerce others into action. He does not make any statement of fact pertaining to the plaintiff or her business; therefore, the statements do not lose their protected character. The court finds that the defendant should not be required to suppress his disapproval of the plaintiff's development of a subdivision adjacent to his property.

{¶ 18} The court would note that the defendant, who filed this motion for summary judgment, both argued and presented evidence to indicate that the statement appearing on the sign was nothing more than his opinion. The burden then shifted to the plaintiff to present evidence that the statement was not privileged. The court finds that the plaintiff has failed to satisfy her burden. Rather than presenting evidence contradictory to that of the defendant, i.e., that the statement was a matter of fact instead of a matter of opinion, the plaintiff presents a different argument. The plaintiff argues in her response that the statement is not privileged since the defendant is in violation of local zoning laws. However, the court finds that the defendant's statement itself is not actionable, as it does not violate Goshen Township zoning restrictions. This is evidenced by the certificate of compliance issued by the Goshen Township Department of Community and Economic Development. Had the actual contents of the sign been in conflict with the zoning restrictions, Mr. Adkins would have been told to remove the sign completely. Instead, he was told to remove the word "WARNING" from the sign.

{¶ 19} The court finds that the only exploit by the defendant that is actionable is the placement of the sign within two feet of the right of way. The defendant's violation of that provision, however, does not cause the sign to lose its protected nature. Instead, the defendant could remove the sign and place it further from the right of way, which would then put him in compliance with the zoning restrictions. The court would note that at the time of these arguments, this is exactly what the defendant had done. The evidence indicates that Mr. Adkins had temporarily removed the sign and that he intended to relocate the sign once the boundaries of the right of way were established. Based on this analysis, the court finds that the plaintiff has failed to satisfy her burden as to the privileged character of the sign.

{¶ 20} The court would also add that the issue of whether the communication is privileged, i.e., whether the statement is a fact or an opinion, is a matter of law for the court to decide. This is a determination that must be made at some point during the progression of the case. The court would note that the language of

the sign speaks for itself. There is no reason for the court to believe that the plaintiff could present any further evidence that could make the defendant's statement one of fact rather than opinion. Given the general statement, as well as the context in which it was made, the court finds that its decision that the defendant's statement is one of opinion and, thus, privileged, would not change at a later date. The court is confident that, whether the finding occurs now or at a later time, this case would be terminated prior to a trial on the issue of tortious interference. Therefore, notwithstanding the determination that there is no genuine issue of material fact as to whether this communication is privileged, the court finds, in the interest of judicial economy, that the termination of this case is appropriate since the case would ultimately be dismissed prior to a trial on the merits.

## CONCLUSION

{¶ 21} Based upon the foregoing analysis, and considering the pleadings and affidavits in this case, the court finds that there is no genuine issue of material fact as to the privileged nature of the sign. The defendant in this case is entitled to judgment as a matter of law since reasonable minds can come to but one conclusion, and that conclusion is adverse to the plaintiff. Therefore, the court hereby grants the defendant's motion for summary judgment.

Judgment accordingly.