[Cite as *Niotti-Soltesz v. Piotrowski*, 2017-Ohio-711.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| HOLLY NIOTTI-SOLTESZ, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2016-T-0072** |
| MICHAEL W. PIOTROWSKI, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas.
Case No. 2014 CV 00914.

Judgment: Affirmed.


*Frank R. Bodor*, 157 Porter Street, N.E., Warren, OH 44483 (For Plaintiff-Appellant).

*Dennis M. Pilawa* and *Kimberly A. Brennan*, Rawlin Gravens & Pilawa Co., LPA, The Hanna Building, Suite 500, 1422 Euclid Avenue, Cleveland, OH 44115 (For Defendants-Appellees).


TIMOTHY P. CANNON, J.

{¶1} Appellant, Holly Niotti-Soltesz, appeals from a judgment entry of the Trumbull County Court of Common Pleas granting summary judgment in favor of appellees, Attorney Michael W. Piotrowski and his employer, the Fraternal Order of Police Ohio Labor Council Inc. ("FOP/OLC"). For the following reasons, the trial court's judgment is affirmed.

{¶2} In July 2013, Attorney Piotrowski was representing Mr. Robert Wolford, a member of the Ashtabula Police Department, in an ongoing labor dispute with the city of

Ashtabula. Mr. Wolford was being investigated for an incident that occurred in 2010. Ms. Niotti-Soltesz was contracted by the city of Ashtabula to administer a polygraph examination to Mr. Wolford.

{¶3} On July 3, 2013, Attorney Piotrowski informed Ms. Niotti-Soltesz that he had filed an unfair labor practice complaint against her and the city of Ashtabula.

{¶4} On July 9, 2013, Mr. Wolford arrived at Ms. Niotti-Soltesz's place of business to sit for his polygraph examination. Attorney Piotrowski was also present, as were Lori Lamer, Ashtabula's Assistant City Solicitor, and Lieutenant Parkomaki, on behalf of Ashtabula's Chief of Police. Before the examination commenced, words were exchanged between Ms. Niotti-Soltesz and Attorney Piotrowski; they disagreed over a form Mr. Wolford was asked to sign and whether Attorney Piotrowski could be present in the room while his client was being examined. Appellees do not deny that Attorney Piotrowski said the following to Ms. Niotti-Soltesz during this exchange: "You just don't seem to be bright enough to understand what I'm saying"; "I will not show you any respect. You are a polygraph operator. You are simply a con artist. Why should I show you respect?" This exchange was also audio recorded.

{¶5} Appellant filed a complaint against appellees, alleging causes of action for slander per se and slander per quod. She specifically complained that the statement, "you are simply a con artist," was false, slanderous, defamatory, and uttered without privilege. She stated, "[i]t impugned [her] good character and reputation in the community and demeaned her reputation as an accredited polygraph examiner."

{¶6} Appellees answered and subsequently filed a motion for summary judgment. Appellant filed a partial motion for summary judgment, in which she requested the trial court declare the statements to be slanderous as a matter of law and

2

have a jury determine damages. The trial court granted summary judgment in favor of appellees.

{¶7} Appellant filed a timely appeal and raises four assignments of error:

[1.] The trial court erred and abused its discretion in finding the statement "you are simply a con artist" as being an opinion of the profession in general and appellant's position in that profession and not a fact stated as the truth.

[2.] The trial court erred and abused its discretion in finding that there were no verifiable facts on which to interpret the veracity of Appellee Piotrowski's statement.

[3.] The trial court erred and abused its discretion in determining that the general context and of the discussion and a prior disagreement involving a purported ULP filing on behalf of Officer Wolford required it to classify Piotrowski's statement to be opinion rather than fact.

[4.] The trial court erred and abused its discretion in failing to consider in the general and broader context in which the statement appeared that the Appellee Attorney (Piotrowski) was bound by professional rules of conduct that prohibit derogatory remarks to third persons; knowingly make a false statement of material fact or law to a third person; and his failure to retract the statement.

{¶8} Summary judgment is proper when

(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C).

{¶9} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court [e.g., pleadings, depositions, answers to interrogatories, etc.] which demonstrate the absence of a genuine issue of fact on a material element of the

3

nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996), citing Civ.R. 56(C) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986). If the moving party satisfies this burden, the nonmoving party has the burden to provide evidence demonstrating a genuine issue of material fact, pursuant to Civ.R. 56(E). *Id.* at 293.

> When considering a motion for summary judgment, the trial court may not weigh the evidence or select among reasonable inferences. Rather, all doubts and questions must be resolved in the non-moving party's favor. Hence, a trial court is required to overrule a motion for summary judgment where conflicting evidence exists and alternative reasonable inferences can be drawn.

*McCarthy v. Lordstown*, 11th Dist. Trumbull No. 2014-T-0050, 2015-Ohio-955, ¶7, citing *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 121 (1980); *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 359 (1992); and *Pierson v. Norfork S. Corp.*, 11th Dist. Ashtabula No. 2002-A-0061, 2003-Ohio-6682, ¶36.

**{¶10}** On appeal, we review a trial court's entry of summary judgment de novo, i.e., "independently and without deference to the trial court's determination." *Brown v. Cty. Commrs. of Scioto Cty.*, 87 Ohio App.3d 704, 711 (4th Dist.1993) (citation omitted); *see also Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996) (citation omitted).

**{¶11}** Appellant's assignments of error all relate to the summary judgment granted in favor of appellees on appellant's cause of action for defamation.

**{¶12}** Defamation is a false publication of fact, made with some degree of fault, that causes injury to a person's reputation; exposes that person to public hatred, contempt, ridicule, or shame; or adversely affects that person in his or her trade or business. *See Straus v. Doe*, 11th Dist. Lake No. 2003-L-082, 2004-Ohio-5316, ¶26 and *Jacobs v. Budak*, 156 Ohio App.3d 160, 2004-Ohio-522, ¶20 (11th Dist.) (citations

4

omitted).   Oral defamation is referred to as slander.  *Straus, supra*, at ¶26 (citation omitted).

**{¶13}**  Slander per quod refers to a statement with a facially innocent meaning that becomes defamatory via interpretation or innuendo.  *Id.* at ¶27 (citation omitted); *see also Becker v. Toulmin*, 165 Ohio St. 549, 556 (1956).   A plaintiff must prove special damages to succeed on a claim for slander per quod.  *See Schoedler v. Motometer Gauge & Equip. Corp.*, 134 Ohio St. 78, 84 (1938).

**{¶14}**  Slander per se, on the other hand, is unambiguously defamatory on its face.  *Becker*, *supra*, at 553.  To be actionable as slander per se, the oral statement "'must consist of words which import an indictable criminal offense involving moral turpitude or infamous punishment, imputes some loathsome or contagious disease which excludes one from society[,] or tends to injure one in his trade or occupation.'" *Straus, supra*, at ¶28, quoting *Hughs v. Fordeley*, 11th Dist. Trumbull No. 99-T-0115, 2000 WL 895593, *2 (June 30, 2000), citing *Schoedler*, *supra*, at 84.  "Where facts demonstrate that the slanderous statements meet these criteria, general damages and malice are presumed as a matter of law." *Id.* (citation omitted).

**{¶15}**  Our initial inquiry is whether the statement at issue is one of fact or opinion.  *Jacobs*, *supra*, at ¶21; *see also Wampler v. Higgins*, 93 Ohio St.3d 111, 117 (2001), citing *Vail v. Plain Dealer Publishing Co.*, 72 Ohio St.3d 279, 281-282 (1995).

**{¶16}** "'"(S)ociety has a pervasive and strong interest in preventing and redressing attacks upon reputation."'" *Mehta v. Ohio Univ.*, 194 Ohio App.3d 844, 2011-Ohio-3484, ¶27 (10th Dist.), quoting *Feldman v. Bahn*, 12 F.3d 730, 733 (6th Cir.1993), quoting *Rosenblatt v. Baer*, 383 U.S. 75, 86 (1966).   Nevertheless, statements of opinion are generally protected under Article I, Section 11, of the Ohio Constitution,

which provides: "Every citizen may freely speak, write, and publish his sentiments on all subjects, being responsible for the abuse of the right; and no law shall be passed to restrain or abridge the liberty of speech, or of the press." *See Wampler*, *supra*, at 113-114, citing *Vail*, *supra*, at 280, and *Scott v. News-Herald*, 25 Ohio St.3d 243, 245 (1986); *see also Jacobs*, *supra*, at ¶21-22. "Therefore, what is required is a delicate balance between the constitutional protections afforded to the free expression of ideas and the protections afforded to an individual's reputation under defamation laws." *Mehta*, *supra*, at ¶27 (citations omitted).

{¶17} "[T]he determination as to whether an alleged defamatory statement is an opinion or fact is a question of law for this court to resolve." *Jacobs*, *supra*, at ¶23, citing *Scott, supra*, at 250.

{¶18} "'When determining whether speech is protected opinion a court must consider the totality of the circumstances. Specifically, a court should consider: the specific language at issue, whether the statement is verifiable, the general context of the statement, and the broader context in which the statement appeared.'" *Verich v. Vindicator Printing Co., Inc.*, 152 Ohio App.3d 127, 2003-Ohio-1210, ¶12 (11th Dist.), quoting *Vail*, *supra*, at syllabus, following the four-factor test adopted in *Scott*, *supra*. "The weight given to any one factor under this inquiry will vary depending on the circumstances of each case." *Wampler*, *supra*, at 126, citing *Vail, supra*, at 282. Applying this four-factor test assists courts in determining "the actionability of those statements that fall on the spectrum somewhere between paradigmatic statements of fact (such as 'Mr. Jones had ten drinks at his office party and sideswiped two vehicles on his way home') and paradigmatic statements of opinion (such as 'Mr. Jones is a

despicable politician')." *Id.*, quoting *Ollman v. Evans*, 750 F.2d 970, 978 (D.C. Cir.1984).

{¶19} "The meaning of an allegedly defamatory statement is the meaning that a reasonable listener would attach to the statement. The question for the court to determine is whether a reasonable listener would interpret the words used to be language that normally conveys factual information or mere hyperbole or opinion." *Brown v. Lawson*, 169 Ohio App.3d 430, 2006-Ohio-5897, ¶17 (1st Dist.), citing *Jorg v. Cincinnati Black United Front*, 153 Ohio App.3d 258, 2003-Ohio-3668, ¶13 (1st Dist.), citing *McKimm v. Ohio Elections Comm.*, 89 Ohio St.3d 139, 143 (2000); and *Worldnet Software Co. v. Gannett Satellite Information Network, Inc.*, 122 Ohio App.3d 499, 505 (1st Dist.1997), citing *Vail, supra*, at 282.

{¶20} The oral statement appellant claims was slanderous is "you are simply a con artist." The trial court held this statement was one of opinion, not fact, and therefore is protected speech as a matter of law. We agree.

{¶21} The first of the four factors we will consider is the specific language used. We must determine whether a reasonable listener could consider "the words used to be language that normally conveys information of a factual nature or [hyperbole] and opinion; whether the language has a readily ascertainable meaning or is ambiguous." *Vail*, *supra*, at 282. A listener is "'less likely to infer facts from an indefinite or ambiguous statement than one with a commonly understood meaning.'" *Wampler*, *supra*, at 128, quoting *Ollman*, *supra*, at 979. Thus, "statements that are 'loosely definable' or 'variously interpretable' cannot in most contexts support an action for defamation." *Id.*, citing *Ollman*, *supra*, at 980.

{¶22} The specific language complained of being slanderous is "you are simply a con artist." The commonly understood meaning of "con artist," regardless of the context, is pejorative and refers to a person who deceives others by cheating, tricking, lying, etc. *See, e.g.*, Oxford English Dictionary, http://www.oed.com ("a person who cheats or tricks others by persuading them to believe something that is not true"); Cambridge English Dictionary, http://dictionary.cambridge.org/us ("a person who deceives other people by making them believe something false or making them give money away"); and Merriam Webster Dictionary, https://www.merriam-webster.com ("a person who tricks other people in order to get their money"). Standing alone, this specific language is definite and unambiguous. Thus, this factor weighs in favor of finding the statement a fact, not an opinion.

{¶23} The next two factors we consider are the immediate context of the "con artist" statement, as well as the broader social context. Courts must look at the combined statements made by appellee and the nature of the exchange in order "to assess the 'larger objective and subjective context of the statement.'" *Gilson v. Am. Inst. of Alternative Medicine*, 10th Dist. Franklin No. 15AP-548, 2016-Ohio-1324, ¶63, quoting *Scott*, *supra*, at 252. In other words, we must "determine whether the 'language surrounding the averred defamatory remarks may place the reasonable [listener] on notice that what is being [heard] is the opinion of the [speaker].'" *Mehta*, *supra*, at ¶39, quoting *Wampler*, *supra*, at 130. Some types of speech signal to the listener the likelihood of a statement being either fact or opinion. *Gilson*, *supra*, at ¶65, citing *Wampler*, *supra*, at 131, citing *Ollman*, *supra*, at 983.

{¶24} Appellant provided the trial court with a copy of the audio recording and a certified partial transcript of the recording made from a CD provided by appellant to the registered court reporter.  The relevant portion reads as follows:

> MR. PIOTROWSKI:  I will not show you any respect.  You are a polygraph operator.  You are simply a con artist.  Why would I show you respect?
>
> MS. NIOTTI-SOLTESZ:  Let me tell you defamation of character and slander is also grounds for a lawsuit.
>
> MR. PIOTROWSKI:  Feel free.  Feel free.
>
> MS. NIOTTI-SOLTESZ:  You will not call me a con artist, and you will not disrespect me.
>
> MR. PIOTROWSKI:  Your whole profession is con artistry.  It is witch doctory.  It is false, unscientific and bogus.  So you can say whatever you want.  You can pretend to be a lawyer all you want.  You are not a lawyer.  Your chosen profession is a joke, and there is no reason we are going to waive our right to sue you when you are about to violate the law.
>
> MS. NIOTTI-SOLTESZ:  How am I about to violate the law?
>
> MR. PIOTROWSKI:  You are about to demand that you interview Mr. Wolford, Officer Wolford, without me being in the room.
>
> MS. NIOTTI-SOLTESZ:  That's not the case.  I am allowing you to be in the room.
>
> MR. PIOTROWSKI:  What room?
>
> MS. NIOTTI-SOLTESZ:  The polygraph room.  I'm making that concession.
>
> MR. PIOTROWSKI:  Okay then.  Now let's move on to the next step.

{¶25} Many of these surrounding comments are clearly statements of hyperbole and opinion.  The words indicate anger and frustration spoken with a purpose of invoking an emotional response from appellant, as opposed to conveying a factual

message to third parties. This immediate context would also lead a reasonable listener to understand that Attorney Piotrowski was likening the profession of polygraph operator to that of a con artist and that appellant, as a member of said profession, was therefore undeserving of his respect. It is undisputed that the statement was made during an ongoing disagreement between the parties regarding the specifics of appellant administering a polygraph examination to Attorney Piotrowski's client. Additionally, Attorney Piotrowski had filed an unfair labor practice complaint that named appellant as a defendant only six days prior to the heated exchange. This broader context indicates a reasonable listener would have understood the "con artist" statement to be the product of uncontrolled emotion and unfounded opinion, as opposed to factual and personal knowledge regarding the veracity of the statement. These factors weigh against finding the statement to be one of fact.

**{¶26}** The final factor is whether the "con artist" statement is verifiable, i.e., whether it is "objectively capable of proof or disproof." *Wampler*, *supra*, at 129. "'Does the author imply that he has first-hand knowledge that substantiates the *opinions* he asserts?'" *Jacobs*, *supra*, at ¶45 (emphasis sic), quoting *Vail*, *supra*, at 283. If a "'"statement lacks a plausible method of verification, a reasonable reader will not believe that the statement has specific factual content."'" *Id.*, quoting *Scott*, *supra*, at 251-252, quoting *Ollman*, *supra*, at 979.

**{¶27}** Attorney Piotrowski did not imply that he had first-hand knowledge to substantiate that appellant, individually, is a con artist. Further, a reasonable listener would not believe that his asserted analogy between polygraph operators and con artists was based on specific factual content, especially when considering the

immediate and broader context in which the statements were made. We find this factor also weighs against finding the statement was one of fact.

{¶28} Finally, we do not find merit with appellant's argument that the trial court should have considered the Ohio Rules of Professional Conduct in determining whether the statement was fact or opinion. We agree with appellees that a breach of one's professional obligations does not transform a protected statement of opinion into an actionable statement of defamatory fact.

{¶29} After a de novo review, we agree with the trial court's holding that the statement, "you are simply a con artist," was an unverifiable statement of opinion made in the heat of the moment during a dispute between the parties. The conduct of Attorney Piotrowski, a member of the legal profession, was clearly out of order and unprofessional. Under the totality of the circumstances, however, the statement made by Attorney Piotrowski is a protected opinion as a matter of law. The trial court did not err in granting summary judgment in favor of appellees.

{¶30} Appellant's assignments of error are without merit.

{¶31} The judgment of the Trumbull County Court of Common Pleas is hereby affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.

11