[Cite as *Lytle v. Mathew*, 2014-Ohio-1606.]

STATE OF OHIO         )           IN THE COURT OF APPEALS
                        )ss:        NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

CAROL LYTLE, ADMINISTRATIX OF        C.A. No.      26932
THE ESTATE OF TRACY J. LYTLE

    Appellant

    v.                          APPEAL FROM JUDGMENT
                                       ENTERED IN THE
SHILA MATHEW, et al.             COURT OF COMMON PLEAS
                                       COUNTY OF SUMMIT, OHIO
                                       CASE No.    CV2012-02-0809

    Appellants

DECISION AND JOURNAL ENTRY

Dated: April 16, 2014

---

BELFANCE, Presiding Judge.

{¶1} Plaintiff-Appellant Carol Lytle, individually and as the administratrix of the estate of Tracy Lytle appeals the ruling of the Summit County Court of Common Pleas denying her motion to quash a subpoena and motion for a protective order.

I.

{¶2} In 2004, Tracy Lytle was working for Tremont, Inc. as a driver and was injured in an automobile accident. The injuries required her to receive medical and psychological treatment from various medical professionals. That treatment included prescription medications. Tracy Lytle sought and received temporary total disability benefits from the Bureau of Workers' Compensation related to her workplace injury. Attorney Natalie Grubb represented Tracy Lytle in filing her claim for Workers' Compensation benefits. At the time of her death in February 2010, Tracy Lytle and Attorney Grubb were being investigated for Workers' Compensation

fraud. It was contended that Tracy Lytle was working for Attorney Grubb while receiving benefits.

{¶3} In February 2012, Carol Lytle filed a wrongful death complaint against Shila Mathew, M.D., Konstantin Kushnir, M.D., Kaiser Foundation Health Plan of Ohio, Ohio Permanente Medical Group, Inc., CareWorks of Ohio, Ltd., Discount Drug Mart, Inc., Brunswick Orthopedics, Inc., and John Does 1-10. The complaint alleged that Tracy Lytle's death was the proximate result of the Defendants' negligent failure to ensure that the medications prescribed to her did not pose a high risk of a negative drug interaction. Additionally, Carol Lytle asserted that the negligence of CareWorks of Ohio, Ltd. and Discount Drug Mart, Inc. in the failure to follow proper protocols in dispensing prescription medication caused Tracy Lytle's death. In April 2012, Carol Lytle dismissed her claims against CareWorks of Ohio, Ltd. without prejudice.

{¶4} Attorneys for the named Defendants sought to depose Attorney Grubb and obtain certain documents from her related to her employment of Tracy Lytle. The Defendants wished to explore the possibility that stress from Tracy Lytle's involvement in the Workers' Compensation fraud investigation caused or contributed to her death. They issued a subpoena directing that Attorney Grubb bring with her to the deposition "[a]ny and [a]ll records of employment of Tracy Lytle and any and all cancelled checks, bank ledgers, bank statements, or any other documents that relate to compensation to Tracy Lytle from Natalie F. Grubb or Grubb & Associates, LPA."

{¶5} Attorney Grubb filed a motion to quash the subpoena and a motion for a protective order.[1] The motion asserted both that the materials sought to be obtained were

---

[1] Attorney Grubb also represented Carol Lytle in the wrongful death suit.

irrelevant and that Attorney Grubb's conversations were protected by attorney-client privilege. The Defendants opposed the motion maintaining that the subpoena was reasonably calculated to lead to the discovery of admissible evidence and that the crime-fraud exception to the attorney-client privilege applied. The trial court conducted an oral hearing on the matter and at the end of the hearing denied the motions. After the hearing, that same day, Discount Drug Mart, Inc. filed supplemental exhibits in support of its opposition to the motion to quash and for a protective order. In its written entry filed two days later, the trial court concluded the material was relevant and that the crime-fraud exception to the attorney-client privilege applied and thus, the conversations between Attorney Grubb and Tracy Lytle in furtherance of the crime/fraud were not privileged. The entry specifically mentions and relies upon information from the supplemental exhibits and compels Attorney Grubb to disclose the documents and submit herself to deposition.

{¶6} Carol Lytle thereafter filed the instant appeal raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT OVERRULED APPELLANT'S MOTION TO QUASH SUBPOENA AND COMPELLED ATTORNEY NATALIE GRUBB TO SUBMIT TO APPELLEES' DEPOSITION AND DOCUMENT REQUESTS.

{¶7} In her sole assignment of error, Carol Lytle asserts that the trial court erred in overruling Attorney Grubb's motion to quash and motion for a protective order.

{¶8} As a preliminary matter, this Court is obligated to raise sua sponte questions related to its jurisdiction. *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.,* 29 Ohio St.2d 184,

186 (1972). This Court has jurisdiction to hear appeals only from final judgments. Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2505.02.

{¶9} Orders regarding discovery are considered interlocutory and, in general, are not immediately appealable. *Walters v. Enrichment Ctr. of Wishing Well, Inc.*, 78 Ohio St.3d 118, 120-121 (1997). R.C. 2505.02(B)(4) states that

> [a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

The legislature has defined provisional remedy as including, but not limited to, "a proceeding for a preliminary injunction, attachment, discovery of privileged matter, [or] suppression of evidence * * *." R.C. 2505.02(A)(3). This Court has held that "an order requiring production of privileged materials may constitute a final, appealable order." *Callahan v. Akron Gen. Med. Ctr.*, 9th Dist. Summit No. 22387, 2005-Ohio-5103, ¶ 28.

{¶10} In her motion in the trial court, Attorney Grubb asserted both that the discovery was irrelevant and that the conversations between Attorney Grubb and Tracy Lytle were privileged under the attorney-client privilege, and therefore, she was not subject to deposition. To the extent Attorney Grubb's motion was based upon a relevancy argument, and to the extent the trial court concluded that the discovery was relevant, the trial court's ruling is not appealable. *Hope Academy Broadway Campus v. White Hat Mgt., LLC.,* 10th Dist. Franklin No. 12AP-116, 2013-Ohio-911, ¶ 43 ("[T]o the extent an order pertains to matters other than those concerning discovery of privileged matters, the order is deemed interlocutory and therefore not final and

appealable.") (Internal quotations and citation omitted.). "Consistent with this reasoning, appellate courts have declined to consider arguments that materials to be produced under a discovery order were not relevant." *Id.*

{¶11} Notably, it does not appear that any argument was developed below, or on appeal, explaining why the documents requested were privileged under the attorney-client privilege. Instead counsel's argument seemed to focus on the notion that they were irrelevant. The subpoena sought "[a]ny and [a]ll records of employment of Tracy Lytle and any and all cancelled checks, bank ledgers, bank statements, or any other documents that relate to compensation to Tracy Lytle from Natalie F. Grubb or Grubb & Associates, LPA." Carol Lytle has not explained how documents pertaining to the *employment* of Tracy Lytle by Attorney Grubb would be protected by the attorney-client privilege. *See* App.R. 16(A)(7). We fail to see how such documents would implicate the attorney-client relationship, and absent any developed argument on the issue, we decline to create one for her. *See Cardone v. Cardone,* 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998).

{¶12} However, this Court will consider the merits of Carol Lytle's contention that the conversations between Attorney Grubb and Tracy Lytle were protected by attorney-client privilege, thus preventing Attorney Grubb to be subject to deposition. Essentially, it appears the trial court concluded that the communications between Attorney Grubb and Tracy Lytle were privileged but that the crime-fraud exception applied to remove the protections of the attorney-client privilege.[2]

---

[2] We note that it is questionable whether all of Attorney Grubb's and Tracy Lytle's conversations were protected by the attorney-client privilege in light of the assertion that Tracy Lytle worked for Attorney Grubb. However, that argument has not been made in this Court.

**{¶13}** "[I]n Ohio, the attorney-client privilege is governed by statute, R.C. 2317.02(A), and in cases that are not addressed in R.C. 2317.02(A), by common law." (Internal quotations and citation omitted.) *Squire, Sanders & Dempsey, L.L.P. v. Givaudan Flavors Corp.,* 127 Ohio St.3d 161, 2010-Ohio-4469, ¶ 17. "R.C. 2317.02(A) provides a testimonial privilege – i.e., it prevents an attorney from testifying concerning communications made to the attorney by a client or the attorney's advice to a client. A testimonial privilege applies not only to prohibit testimony at trial, but also to protect the sought-after communications during the discovery process." (Internal quotations and citation omitted.) *Id.* at ¶ 18.

**{¶14}** Nonetheless, the Supreme Court of Ohio has "previously recognized several exceptions to the attorney-client privilege codified by R.C. 2317.02(A) notwithstanding their absence from the statutory text." *Id.* at ¶ 24. One such exception is the crime-fraud exception. *See id.* at ¶ 27. Thus, "the privilege does not attach in a situation where the advice sought by the client and conveyed by the attorney relates to some future unlawful or fraudulent transaction." *Id.* "'[A] communication is excepted from the attorney-client privilege if it is undertaken for the purpose of committing or continuing a crime or fraud.'" *Id.* at ¶ 28, quoting *State ex rel. Nix v. Cleveland,* 83 Ohio St3d. 379, 383 (1998). "'[A] party invoking the crime-fraud exception must demonstrate that there is a factual basis for a showing of probable cause to believe that a crime or fraud has been committed and that the communications were in furtherance of the crime or fraud.'" *Givaudan Flavors Corp.* at ¶ 28, quoting *State ex rel. Nix* at 384. Upon making the appropriate showing, not all communications between the attorney and client are excepted from the attorney-client privilege, rather only those which are undertaken for the purpose of committing or continuing a crime or fraud. *See Givaudan Flavors Corp.* at ¶ 28, quoting *State ex rel. Nix* at 383 (stating that "'*[a] communication* is excepted from the attorney-client privilege

if it is undertaken for the purpose of committing or continuing a crime or fraud.'") (Emphasis added.)

{¶15} The problem in this case is that the Defendants never submitted any evidentiary materials demonstrating the applicability of the crime-fraud exception prior to the hearing or even at the hearing. No witnesses were called at the hearing, and no one present was sworn in. Instead, information relevant to the crime-fraud exception was relayed to the trial court only through the argumentation of the Defendants' attorneys and was not based upon personal knowledge. *See State ex rel Nix.* at 384 (in concluding that relators failed to introduce sufficient, credible evidence to overcome the attorney-client privilege based on the crime-fraud exception, the Supreme Court noted that the "evidence consist[ed] mostly of affidavits replete with allegations based on belief and speculation rather than on personal knowledge[]"). The Defendants' attorneys discussed the fact that Tracy Lytle was interviewed by Bureau of Workers' Compensation investigators and that she ultimately admitted to working illegally for Attorney Grubb while receiving benefits; however, the Defendants' attorneys' recitations of what the investigation revealed are not evidence and certainly not evidence of the kind envisioned by the Supreme Court in *State ex rel. Nix. See id.* The fact that everyone was aware of, and knew that, this information existed did not transform that information into evidence.

{¶16} At the end of the hearing, the trial court concluded that the crime-fraud exception was applicable and that Attorney Grubb would be required to submit to a deposition and answer questions related to the Workers' Compensation fraud allegations. Following the hearing, that same day, Defendant Drug Mart, Inc. submitted supplemental exhibits including documents which appear to be from the Bureau of Workers' Compensation investigation. It is also clear that, in issuing its written ruling two days later, the trial court relied upon those documents in

concluding the crime-fraud exception applied.[3]  The problem with the trial court considering those exhibits is that Carol Lytle was not provided any opportunity to respond or object to the trial court's consideration of those exhibits.  Given that the certificate of service states that the supplemental exhibits were sent to Attorney Grubb via regular mail, it is questionable whether they would have even received the exhibits at the point in time when the trial court issued its ruling based in part on information contained in those exhibits.  While Attorney Grubb asserted at the hearing that information from those exhibits should not be considered there was never any indication at the hearing that the exhibits themselves would be submitted as evidence.  Drug Mart, Inc. did not indicate on the record at the hearing that it was going to submit materials to support its allegation that the crime-fraud exception applied, nor was there any discussion or admission of exhibits at the hearing.  Accordingly, we conclude that the trial court erred in issuing its ruling prior to giving Attorney Grubb the opportunity to respond to Drug Mart, Inc.'s submission of supplemental exhibits, which the trial court relied on in issuing its ruling.  *See In re Brothers Publishing Co., L.L.C.,* 2d Dist. Darke No. 2013-CA-6, 2014-Ohio-133, ¶ 32-33; *see also Smith v. Ray Esser & Sons, Inc.*, 9th Dist. Lorain No. 10CA009798, 2011-Ohio-1529, ¶ 15-16 (noting that a reply brief should not set forth new arguments and, if it does, a party should be given the opportunity to respond in some manner to the new argument prior to the trial court's ruling on the motion for summary judgment).  We sustain in part Carol Lytle's assignment of error and remand the matter so that she can respond the supplemental exhibits filed by Drug Mart, Inc.

---

[3] Absent these exhibits, the trial court did not have any evidence before it concerning the applicability of the crime-fraud exception aside from Ms. Grubb's acknowledgment at the hearing that she had pleaded guilty to misdemeanor aiding and abetting Workers' Compensation fraud.

III.

{¶17} In light of the foregoing, we dismiss this appeal to the extent Carol Lytle appeals the trial court's relevancy determinations and conclude the trial court erred in issuing its written ruling on the motion to quash prior to allowing her to respond the filing of supplemental exhibits that were utilized in the trial court's ruling.

Appeal dismissed in part,
judgment reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to all parties.

EVE V. BELFANCE
FOR THE COURT

HENSAL, J.
WHITMORE, J.
CONCUR.


APPEARANCES:

NATALIE F. GRUBB and DANIEL A. KIRSCHNER, Attorneys at Law, for Appellant.

RUSSELL D. KORNBLUT, Attorney at Law, for Appellant.

LOUIS M. DEMARCO and JAMES J. REAGAN, Attorneys at Law, for Appellee.

JEFFREY VAN WAGNER and CLAIRE C. CURTIS, Attorneys at Law, for Appellee.

THOMAS KILBANE and MICHELLE J. SHEEHAN, Attorneys at Law, for Appellee.