[Cite as *McDade v. Morris*, 2015-Ohio-4670.]

STATE OF OHIO      )      IN THE COURT OF APPEALS
                     )ss:      NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT      )

YULANDA MCDADE

     Appellee

     v.

TOM R. MORRIS

     Defendant

     and

STATE FARM AUTOMOBILE
INSURANCE COMPANY

     Appellant

C.A. No.      27454

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.      CV 2013-04-1821

DECISION AND JOURNAL ENTRY

Dated: November 12, 2015

HENSAL, Presiding Judge.

{¶1} Appellant, State Farm Automobile Insurance Company ("State Farm"), appeals from the order of the Summit County Court of Common Pleas, denying its motion to quash. This Court affirms in part and dismisses in part.

I.

{¶2} Plaintiff-Appellee, Yulanda McDade, and Defendant, Tom Morris, were involved in a minor traffic collision. As a result of the collision, Ms. McDade sought treatment from a chiropractor named Dr. Minas Floros and ultimately decided to file a personal injury suit against Mr. Morris. State Farm insured Mr. Morris. Although State Farm was never named as a party in

the personal injury suit, it became involved when Ms. McDade subpoenaed its records custodian and two of its other employees.

{¶3} Ms. McDade decided to subpoena State Farm after Mr. Morris deposed Dr. Floros. Mr. Morris deposed Dr. Floros regarding his patient intake procedures, his marketing and billing practices, and his practice of referring patients to legal counsel. Mr. Morris did not ask Dr. Floros any questions related to his treatment of Ms. McDade. Consequently, Ms. McDade believed it was Mr. Morris' intention to defend the lawsuit against him by discrediting Dr. Floros. In particular, she believed Mr. Morris meant to argue that Dr. Floros had an arrangement with certain law firms and routinely profited from referring his patients to legal counsel.

{¶4} It was Ms. McDade's position that Dr. Floros referred his patients to legal counsel when he knew there would be an issue with payment, due to his dealings with certain insurance companies such as State Farm. Consequently, she sought evidence she could use to rehabilitate Dr. Floros, should Mr. Morris decide to attack his credibility on the grounds set forth above. Ms. McDade subpoenaed State Farm's records custodian and asked the custodian to produce copies of any policies, procedures, practices, and internal communications from 2004 to present that dealt with State Farm's handling of any first or third party claims "in which the Claimant has undergone treatment at Akron [Square] Chiropractic, by Minas Floros, D.C., or any clinic owned by Chiropractic Strategies Group * * *."

{¶5} State Farm filed a motion to quash Ms. McDade's subpoena on the basis that it sought privileged or otherwise protected matter, required disclosure of facts or opinions held by an expert, and subjected State Farm to an undue burden. Ms. McDade filed a brief in response. Upon its review of their respective filings, the trial court denied State Farm's motion to quash.

Nevertheless, the court wrote that the parties were "not required to disclose privileged or otherwise protected materials, and [had to] support any such claims in accordance with the requirements of [Civil Rule] 45(D)(4)."

{¶6} State Farm now appeals from the trial court's order and raises five assignments of error for our review. For ease of analysis, we consolidate and rearrange several of the assignments of error.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DENYING THE MOTION TO QUASH BECAUSE THE MCDADE SUBPOENAS ARE UNDULY BURDENSOME.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN DENYING THE MOTION TO QUASH BECAUSE THE MCDADE SUBPOENAS IMPOSE AN UNDUE BURDEN BY UNNECESSARILY INJECTING EVIDENCE OF LIABILITY INSURANCE.

{¶7} In its first two assignments of error, State Farm argues that the trial court erred by denying its motion to quash because Ms. McDade's subpoena subjected it to an undue burden and Ms. McDade failed to show that she had a substantial need for the materials she sought.

{¶8} "[C]ourts have broad discretion over discovery matters." *State ex rel. Citizens for Open, Responsive & Accountable Gov't v. Register*, 116 Ohio St.3d 88, 2007-Ohio-5542, ¶ 18. "As such, this Court generally applies an abuse of discretion standard of review in appeals from discovery rulings, including a ruling on a motion to quash a subpoena." *Kaplan v. Tuennerman-Kaplan*, 9th Dist. Wayne No. 11CA0011, 2012-Ohio-303, ¶ 10. An abuse of discretion means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶9} Under Civil Rule 45(C)(3)(d), a trial court shall quash or modify a subpoena if it "[s]ubjects a person to an undue burden." The person seeking to quash "must establish 'undue burden.'" *Bonewitz v. Red Ferris Chevrolet, Inc.*, 9th Dist. Wayne No. 01CA0006, 2001 WL 1094537, *2 (Sept. 19, 2001), quoting Civ.R. 45(C). Further, before filing a motion to quash under the foregoing subsection, the subpoenaed person

> shall attempt to resolve any claim of undue burden through discussions with the issuing attorney. A motion filed pursuant to division (C)(3)(d) of [Civil Rule 45] shall be supported by an affidavit of the subpoenaed person or a certificate of that person's attorney of the efforts made to resolve any claim of undue burden.

Civ.R. 45(C)(4). After the movant establishes undue burden, the party who issued the subpoena then may argue that they have "a substantial need for the * * * material that cannot be otherwise met without undue hardship * * *." Civ.R. 45(C)(5); *see also Future Communications, Inc. v. Hightower*, 10th Dist. Franklin No. 01AP-1175, 2002-Ohio-2245, ¶ 17-18. If the party who issued the subpoena fails to show that they have a substantial need for the material that cannot otherwise be met without undue hardship, the court must quash or modify the subpoena. Civ.R. 45(C)(5).

{¶10} State Farm argued undue burden in the court below, but did not support its argument with an affidavit "of the efforts made to resolve [its] claim of undue burden." Civ.R. 45(C)(4). Ms. McDade objected to State Farm's motion to quash, in part, because State Farm had neglected to file a supporting affidavit. Similarly, Ms. McDade has argued on appeal that the trial court acted reasonably in rejecting State Farm's undue burden argument because State Farm failed to file a supporting affidavit. State Farm did not respond to Ms. McDade's objection in the court below. Nor has it addressed her argument on appeal (i.e., by explaining that an affidavit was unnecessary because its counsel certified the efforts that had been made to resolve State Farm's claim of undue burden). Because State Farm was required to comply with Civil

Rule 45(C)(4)'s affidavit or certification requirement in arguing undue burden, its failure to do so warranted the denial of its motion to quash.

{¶11} Even assuming that the trial court treated some of the language in State Farm's motion to quash as a certification under Civil Rule 45(C)(4),[1] we cannot conclude that State Farm established undue burden. State Farm's argument on appeal is that Ms. McDade failed to demonstrate a substantial need for the information she sought. It argues that "[Civil Rule] 45(C)(5) protects a non-party by *presuming* that a subpoena is unduly burdensome unless the proponent affirmatively shows both 1) a 'substantial need' for the information in order to litigate its case, and 2) a lack of any reasonable alternative to obtaining the needed information." (Emphasis added.) According to State Farm, "[t[here is no initial burden upon the recipient of the subpoena beyond voicing an objection of undue burden." State Farm is mistaken. It was State Farm's burden to establish that the subpoena subjected it to undue burden. *See Bonewitz*, 2001 WL 1094537, at *2; *see also Future Communications, Inc.*, 2002-Ohio-2245, at ¶ 17-18. State Farm only cast the materials Ms. McDade sought as irrelevant to her personal injury suit. It did not argue that it would be extremely time-consuming or costly to produce the materials. While the materials Ms. McDade sought may or may not ultimately be admissible at trial, the only issue before the court was whether they were discoverable. Given the nature of Dr. Floros' deposition, the trial court reasonably could have concluded that the materials were discoverable under Civil Rule 26(B). As such, State Farm's argument that the court erred by denying its motion to quash lacks merit. Its first and second assignments of error are overruled.

---

[1] Although State Farm did not point to the following language in response to Ms. McDade's arguments in the lower court and this Court, its motion to quash provides that the motion was "necessary because counsel for State Farm and Plaintiff's counsel have been unable to negotiate a satisfactory resolution."

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED BY ISSUING AN ORDER WITHOUT SUPPORTING RATIONALE OR EXPLANATION.

**{¶12}** In its fourth assignment of error, State Farm argues that the trial court committed reversible error when it issued an "unreasoned" decision that "has no supporting rationale." State Farm asks this Court to remand the matter so that the trial court can issue a more detailed decision. We decline to do so.

**{¶13}** State Farm has not set forth any case law standing for the proposition that, in denying a motion to quash, a trial court must issue an order that explains its rationale for having done so. *See Zaccardelli v. Zaccardelli*, 9th Dist. Summit No. 26262, 2013-Ohio-1878, ¶ 47 (an appellant bears the burden of demonstrating error on appeal through citation to relevant authority). Civil Rule 45 does not contain any language that requires the court to issue a detailed order. Moreover, this Court has recognized that, even where a party requests findings of fact and conclusions of law following a decision, "findings of fact and conclusions of law are only required for judgments and are unnecessary upon all other motions except for those filed pursuant to [Civil Rule] 41(B)(2)." *Bland v. Bland*, 9th Dist. Summit No. 21228, 2003-Ohio-828, ¶ 54, citing Civ.R. 52. We decline State Farm's invitation to create an exception to that general rule for orders that stem from motions to quash. State Farm's fourth assignment of error is overruled.

ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED BY FAILING TO CONDUCT A HEARING.

**{¶14}** In its fifth assignment of error, State Farm argues that the trial court erred by not conducting a hearing on its motion to quash. We disagree.

**{¶15}** The Ohio Supreme Court has recognized that a trial court must hold an evidentiary hearing when deciding whether to quash a subpoena duces tecum under the Ohio Rules of Criminal Procedure. *In re Subpoena Duces Tecum Served Upon Atty. Potts*, 100 Ohio St.3d 97, 2003-Ohio-5234, paragraph one of the syllabus, citing Crim.R. 17(C). Thus far, however, its holding has not been extended to motions to quash subpoenas issued under the Ohio Rules of Civil Procedure. *See Bickel v. Cochran*, 10th Dist. Franklin No. 14AP-439, 2014-Ohio-5862, ¶ 12-13 (refusing to extend the Supreme Court's holding to motions to quash brought pursuant to Juv.R. 17(D)(3) and Civ.R. 45(C)). In its motion to quash, State Farm did not ask the trial court to hold a hearing. Moreover, even if a hearing might be warranted in instances where privileged or protected matter is at issue, the trial court did not order State Farm to divulge any privileged or protected matter. *Compare Chiasson v. Doppco Dev., L.L.C.*, 8th Dist. Cuyahoga No. 93112, 2009-Ohio-5013, ¶ 13-16 (court erred by not holding a hearing or conducting an in camera review on civil motion to quash where materials at issue were alleged to be work product). State Farm has not shown that the trial court erred by not holding a hearing on its motion to quash. Consequently, its fifth assignment of error is overruled.

ASSIGNMENT OF ERROR III

> THE TRIAL COURT ERRED IN DENYING THE MOTION TO QUASH BECAUSE THE MCDADE SUBPOENAS SEEK PRIVILEGED SETTLEMENT COMMUNICATIONS AND MATERIALS PREPARED IN ANTICIPATION OF LITIGATION.

**{¶16}** In its third assignment of error, State Farm argues that the trial court erred by denying its motion to quash because Ms. McDade's subpoena sought privileged or otherwise protected matter. *See* Civ.R. 45(C)(3)(b). Because State Farm has not shown that the court's ruling on this point is immediately appealable, we cannot address the merits of its argument. *See Lytle v. Mathew*, 9th Dist. Summit No. 26932, 2014-Ohio-1606, ¶ 10-11.

{¶17} This Court has jurisdiction to hear appeals only from final orders or judgments. Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2501.02. In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction. *Lava Landscaping, Inc. v. Rayco Mfg., Inc.*, 9th Dist. No. 2930-M, 2000 WL 109108, \*1 (Jan. 26, 2000).

{¶18} "Generally, trial court orders addressing discovery issues are merely interlocutory and not immediately appealable." *Bowers v. Craven*, 9th Dist. Summit No. 25717, 2012-Ohio-332, ¶ 14. Revised Code Section 2505.02(B)(4) contains an exception to that general rule. The statute provides that an order that grants or denies a provisional remedy is final and appealable so long as

> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy[; and]

> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

R.C. 2505.02(B)(4)(a)-(b). It is the appellant's burden to demonstrate that the interlocutory order being appealed satisfies all of the requirements set forth in Section 2505.02(B)(4). *See Smith v. Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480, ¶ 8 (the burden of establishing the existence of a final, appealable order under R.C. 2505.02(B)(4) "falls on the party who knocks on the courthouse door asking for interlocutory relief").

{¶19} While the trial court here denied State Farm's motion to quash, its order does not require State Farm to divulge any privileged or otherwise protected materials. The order provides that, "[a]lthough the Court will not quash the subpoenas at issue, the parties are not required to disclose privileged or otherwise protected materials, and shall support any such

claims in accordance with the requirements of [Civil Rule] 45(D)(4)." Thus, the court's order does not actually require the disclosure of privileged materials, and State Farm has not shown that the order satisfies the provisions of R.C. 2505.02(B)(4)(a). *See also Smith* at ¶ 8; *Youngstown State Univ. v. Youngstown State Univ. Assn. of Classified Emps.*, 7th Dist. Mahoning No. 13 MA 104, 2013-Ohio-5862, ¶ 33 ("[W]here the order merely foreshadows future issues that may or may not arise and is not a blanket denial of protection as to a topic, the order is not final."). This Court lacks jurisdiction to consider its third assignment of error.

III.

**{¶20}** State Farm's first, second, fourth, and fifth assignments of error are overruled. This Court lacks jurisdiction to consider its third assignment of error. To the extent State Farm has challenged the court's order on the basis of privilege, the appeal is dismissed. Thus, the judgment of the Summit County Court of Common Pleas is affirmed in part and the appeal is dismissed in part.

Judgment affirmed in part,
appeal dismissed in part.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.

APPEARANCES:

GREGORY H. COLLINS, Attorney at Law, for Appellant.

KURT D. ANDERSON, Attorney at Law, for Appellant.

CHRISTOPHER J. VAN BLARGAN, JOHN J. REAGAN, and NOMIKI TSARNAS, Attorneys at Law, for Appellee.

G. MICHAEL CURTIN, Attorney at Law, for Defendant.