[Cite as *Fisher v. Doe*, 2016-Ohio-7383.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| ERIC FISHER, | : | APPEAL NO. C-160226 |
| | | TRIAL NO. A-1503940 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| JOHN DOE, | : | |
| | | |
| Defendant-Appellant. | : | |


Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  October 19, 2016



*Vorys, Sater, Seymour & Pease LLP, Whitney C. Gibson, Adam C. Sherman, James B. Lind* and *Colleen M. Devanney*, for Plaintiff-Appellee,

*Strauss Troy Co., LPA, Christopher R. McDowell* and *Christopher S. Houston*, for Defendant-Appellant.

**MOCK, Judge.**

{¶1}    Defendant-appellant John Doe appeals a decision of the Hamilton County Court of Common Pleas denying in part his motion to quash a subpoena. Ultimately we find that his two assignments of error are without merit, and we affirm the trial court's judgment.

{¶2}    The record shows that plaintiff-appellee Eric Fisher is a certified registered nurse anesthetist ("CRNA"), who worked for various employers in Ohio and Virginia in 2014 and 2015. According to Fisher, an unidentified individual sent letters and emails to his employers containing defamatory information. These communications were allegedly sent from fictitious individuals or entities. They accused Fisher of having a substance-abuse problem, using drugs, being fired from a job in California due to drug use, soliciting a former patient on a gay website to do drugs with him, and posting on the internet homosexual pornography in which he was a participant.

{¶3}    Based on circumstantial evidence, Fisher believed that a man in California might be responsible for the harassment. At his request, his attorneys sent a letter to the man stating that if the man did not stop his harassment, Fisher was prepared to file suit against him, and requesting a settlement for his litigation costs. That man adamantly denied being the individual responsible for the communications.

{¶4}    Fisher filed suit against an unknown defendant, John Doe, alleging defamation, invasion of privacy, intentional infliction of emotion distress and negligence. He began conducting third-party discovery to discover Doe's true identity. Fisher served a subpoena on Google for information related to a Gmail

2

account referenced in one of the communications that was allegedly used by Doe. Google notified its subscriber of the subpoena and received no objection. Google then produced information relating to the email address including a number of IP addresses used when Doe logged in and out of that account.

{¶5} One of those addresses was 71.102.80.231, a California IP address registered to Verizon Online, LLC, doing business as Verizon Interest Services ("Verizon"), which could be linked to a specific subscriber. Fisher served a subpoena on Verizon seeking information related to the identity of the subscriber who was assigned that IP address at the dates and times used to log in and out of the email account. Verizon notified its subscriber, who filed a motion to quash the subpoena, denying that he was the letter writer and alleging that he had a First Amendment right to remain anonymous.

{¶6} The trial court found that Fisher had set forth a prima-facie case of defamation. It also found that "the necessity of identifying the speaker outweighs any First Amendment right of anonymous free speech." It stated that "Defendant has identified no compelling reason in maintaining his anonymity, or irreparable harm which would result from its disclosure, which would outweigh Plaintiff's right to seek redress against the speaker." Therefore, it denied that part of the motion to quash related to the subscriber's name, mailing address, residential address, business address, email address, user name, and phone numbers. But the court granted that part of the motion to quash related to credit-card information, electronic-account numbers, and other information related to payment methods associated with the account. This appeal followed.

{¶7} In his first assignment of error, Doe contends that the trial court erred in denying in part his motion to quash the subpoena because Fisher's causes of

action are not maintainable under Ohio law. He argues that this court should apply the four-part test set forth in a New Jersey case in deciding whether to affirm the trial court's decision. In his second assignment of error, Doe contends that the trial court erred in denying in part the motion to quash because it failed to address the evidence he set forth and Fisher's complete failure to submit evidence in support of his claims. Again, Doe relies upon the four-part test set forth in the New Jersey case in arguing that Fisher failed to rebut his evidence disproving Fisher's claims. These assignments of error are not well taken.

{¶8} We begin with general Ohio law on motions to quash. Trial courts have broad discretion over discovery, including ruling on a motion to quash a subpoena. *McDade v. Morris*, 9th Dist. Summit No. 27454, 2015-Ohio-4670, ¶ 8; *Wright v. Perioperative Med. Consultants*, 1st Dist. Hamilton No. C-060586, 2007-Ohio-3090, ¶ 9. Under Civ.R. 45(C), a trial court may quash or modify a subpoena if it subjects a person to an "undue burden." The person seeking to quash must establish the "undue burden." *McDade* at ¶ 9; *Wright* at ¶ 10. Once an undue burden is established, the party seeking the discovery must demonstrate a substantial need for the materials that cannot be met through alternate means without undue hardship. *McDade* at ¶ 9; *Lambda Research v. Jacobs*, 170 Ohio App.3d 750, 2007-Ohio-309, 869 N.E.2d 39, ¶ 18 (1st Dist.).

{¶9} Doe relies upon *Dendrite Internatl., Inc. v. Doe No 3*, 342 N.J.Super. 134, 775 A.2d 756 (App.Div.2001) in which the Superior Court of New Jersey, Appellate Division, established "guidelines to trial courts when faced with an application by a plaintiff for expedited discovery seeking an order compelling an ISP to honor a subpoena and disclose the identity of anonymous Internet posters" sued for allegedly violating the rights of individuals, corporations or businesses. *Id.* at 141.

4

The parties also cite cases from other state and federal courts that discuss various tests to be applied in balancing a First Amendment right to be anonymous on the Internet with the rights of a litigant to obtain discovery, to prove claims or defenses, and to be free from defamation. *See Doe v. Individuals*, 561 F.Supp.2d 249 (D.Conn.2008); *McMann v. Doe*, 460 F.Supp.2d 259 (D.Mass.2006); *John Doe No. 1 v. Cahill*, 884 A.2d 451 (Del.2005); *Krinsky v. Doe 6*, 159 Cal.App.4th 1154, 72 Cal.Rptr.3d 231 (Cal.Ct.App.2008).

{¶10} We find those cases to be distinguishable. They all involve the cyberspace equivalent of public forums, Internet bulletins boards, review sites, and other places where a large number of people are free to express their opinions. They raise First Amendment concerns much like the proverbial public square in the real world. "[S]ome commentators have likened cyberspace to a frontier society free from the conventions and constraints that limit discourse in the real world." *Krinsky* at 1163, quoting Lidsky, *Silencing John Doe: Defamation & Discourse in Cyberspace*, 49 Duke L.J. 855, 863 (2000). The use of a screen name "offers a safe outlet for the user to experiment with novel ideas, express unorthodox political views, or criticize corporate or individual behavior without fear of intimidation or reprisal." *Krinsky* at 1162.

{¶11} A common theme in these cases is the idea of protecting individuals on the Internet from censorship. For example, the Delaware Supreme Court has stated:

> Indeed, there is reason to believe that many defamation plaintiffs bring suit merely to unmask the identities of anonymous critics. As one commentator has noted, "the sudden surge in John Doe suits stems from the fact that many defamation actions are not about

money." "The goals of the new breed of libel action are largely symbolic, the primary goal being to silence John Doe and others like him." This "sue first, ask questions later" approach, coupled with a standard only minimally protective of the anonymity of defendants, will discourage debate on important issues of public concern as more and more anonymous posters censor their online statements in response to the likelihood of being unmasked.

*Cahill* at 457, quoting Lidsky at 872 and 859. *See Individuals* at 253-254.

{¶12} We do not find these cases to be applicable because this case is significantly different. It does not involve a public forum of any kind. An unknown individual sent targeted communications to Fisher's employers. Some were sent by regular United States mail. The one at issue in this case happened to be sent by email, but the medium by which it was sent is irrelevant. The case would be the same if that particular communication was also sent by regular mail. The larger issues implicated in the out-of-state cases related to public forums are not implicated here. This is not a corporation or the government trying to stifle an individual's First Amendment rights or prevent open discourse. This is a standard tort case between two individuals.

{¶13} This case is no different than any number of defamation/invasion-of-privacy cases that are frequently filed in Ohio courts. It involves the same First Amendment issues and other defenses inherent in defamation/invasion-of-privacy and other tort cases, on which Ohio has well-settled law. *See McLean v. Roberston*, 1st Dist. Hamilton No. C-150651, 2016-Ohio-2953; *Brown v. Lawson*, 169 Ohio App.3d 430, 2006-Ohio-5897, 863 N.E.2d 215 (1st Dist.); *Fuchs v. Scripps Howard Broadcasting Co.*, 170 Ohio App.3d 679, 2006-Ohio-5349, 868 N.E.2d 1024 (1st

6

Dist.); *Pollock v. Rashid*, 117 Ohio App.3d 361, 690 N.E.2d 903 (1st Dist.1996). Consequently, we decline to apply the tests set forth in the out-of-state cases cited by the parties.

{¶14} It is much too early in the proceedings to determine what, if any, defenses apply. There is little support in the scant record before us for many of the accusations the parties raise in this court. We decide only the issue of whether the trial court erred in denying in part the motion to quash.

{¶15} We hold that Doe has failed to meet his burden to show that he would be subject to an undue burden by providing his name and other identifying information. The trial court's decision denying in part the motion to quash was not so arbitrary, unreasonable, or unconscionable as to connote an abuse of discretion. *See Blakemore v. Blakemore*, 5 Ohio St.3d 217, 218, 450 N.E.2d 1140 (1983); *Evans v. Thrasher*, 1st Dist. Hamilton No. C-120783, 2013-Ohio-4776, ¶ 37. Consequently, we overrule Doe's assignments of error and affirm the trial court's judgment.

Judgment affirmed.

**FISCHER, P.J.,** and **HENDON, J.,** concur.

Please note:

The court has recorded its own entry this date.